UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FOOTHILL PACKING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No. 5:16-cv-06216-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Foothill Packing, Inc. ("Plaintiff") is a licensed Farm Labor Contractor that supplies agricultural labor to growers in California and Arizona and transports its clients' products following harvest. On September 7, 2016, the Federal Motor Carrier Safety Administration ("FMCSA") conducted a compliance review of Plaintiff's operations and issued a notice on September 14, 2016, proposing to rate those operations as unsatisfactory. The rating will become "final" and Plaintiff will be required to cease all operations on October 30, 2016. 49 C.F.R. 385.11.

Plaintiff commenced the instant action directly in this court on October 27, 2016, and requests mandamus and injunctive relief against the United States Department of Transportation ("DOT"), the FMCSA, and several individual defendants associated with those agencies (collectively, "Defendants") in an effort to stay the effect of the unsatisfactory rating and cease-operations order until such time as the FMCSA makes a determination on Plaintiff's request for a safety rating upgrade pursuant to 49 C.F.R. §§ 385.11(f) and 385.17. Plaintiff also requests an ex parte temporary restraining order enjoining Defendants from allowing the cease-operations order to go into effect on October 30, 2016. Dkt. No. 12.

As is its obligation, the court has reviewed the pleadings to determine whether Plaintiff has established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). Here, it has not.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the courts statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). It "must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). And it must be "affirmatively and distinctly" established by a plaintiff in his or her pleading; otherwise, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926).

Plaintiff alleges this court has subject matter jurisdiction under 28 U.S.C. § 1331. When that is the case, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Factual allegations, and not labels, are determinative of whether a cause of action actually presents a federal question. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

In the Complaint, Plaintiff relies on three federal laws as possible bases of subject matter jurisdiction. The first is the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., which permits judicial review of "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. Preliminary or intermediate agency actions are subject to review only with a final agency action. Id. However, an agency's failure to take action it is legally required to take is the equivalent of "final agency action" for the purposes of judicial review. See Aguayo v. Jewell, 827 F.3d 1213, 1223 (9th Cir. 2016); see also Gros Venture Tribe v. United States, 469 F.3d 801, 814 (9th Cir. 2006).

Plaintiff has not identified either an affirmative "final agency action," or an action that FMCSA or DOT was legally required to undertake but did not. Plaintiff alleges the FMCSA issued a notice of its intent to lower Plaintiff's safety rating to unsatisfactory pursuant to 49 C.F.R. 385.11 on September 14, 2016, but also alleges that it did not initiate the process described in 49 C.F.R. § 385.17 for an adjustment to this rating until October 19, 2016, and did not initiate an administrative review request under 49 C.F.R. § 385.15 until October 27, 2016. For both types of reviews, the FMCSA is permitted 30 days within which to complete its process and has not yet issued decisions on either of Plaintiff's requests. 49 U.S.C. § 385.15(e) ("The FMCSA will notify the motor carrier in writing of its decision following the administrative review . . . . "[w]ithin 30 days after receiving a request from a . . . passenger motor carrier that has received a proposed or final 'unsatisfactory' safety rating."); 49 U.S.C. § 385.17(e) ("The FMCSA will perform reviews of requests made by motor carriers with a proposed or final 'unsatisfactory' safety rating . . . [w]ithin 30 days for motor carriers transporting passengers . . . ."). Consequently, the fact that FMCSA has not issued decisions within a shorter timeframe absent a legal requirement that it do so cannot constitute withheld agency action for the purposes of jurisdiction under the APA. See Gross Venture Tribe, 469 F.3d at 814 (holding that a failure to act claim can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take). And until the FMCSA issues a determination on Plaintiff's review request under § 385.15, the court does not have jurisdiction to review the propriety of the unsatisfactory rating. See Multistar

3

Case No.: 5:16-cv-06216-EJD
ORDER TO SHOW CAUSE

Indus. v. U.S. Dep't of Transp., 707 F.3d 1045, 1052 (9th Cir. 2013) (holding that the plaintiff's "unsatisfactory" safety rating became final agency action once the agency denied its petition for administrative review of that rating); see also 49 U.S.C. § 385.17(j) (providing that a motor carrier whose request for a safety rating adjustment is denied "may request administrative review under the procedures of § 385.15."). In fact, such review jurisdiction may never exist in the district court. See 49 U.S.C. § 385.423 ("Any appeal of a final agency action under this section must be taken to an appropriate United States Court of Appeals."). It does not appear, therefore, that the APA is a proper basis for subject matter jurisdiction in this court.

Nor does subject matter jurisdiction arise under Plaintiff's second purported basis. The Declaratory Judgment Act, 28 U.S.C. § 2201, is "procedural only" and is not an extension of the traditional bases of federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Indeed, its language permits the federal courts to adjudicate solely those "case[s] of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Consequently, in order for a claim for declaratory relief to independently support federal jurisdiction, the action must either be between parties of diverse citizenship or involve an underlying coercive claim arising under federal law. See Franchise Tax Bd., 463 U.S. at 19. No such qualifying allegations are made here.

Furthermore, Plaintiff's reliance on mandamus is misplaced for reasons similar to those explained in relation to the APA. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ." Heckler v. Ringer, 466 U.S. 602, 616 (1984). It constitutes "an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998). As already noted, Plaintiff has not "exhausted all other avenues of relief" in light of the review mechanisms provided in 49 U.S.C. §§ 385.15 and 385.17, and has other adequate remedies available for that reason.

4
Case No.: 5:16-cv-06216-EJD
ORDER TO SHOW CAUSE

Moreover, it is worth noting that despite Plaintiff's representations in its jurisdictional statement, none of its claims arise under the Fifth or Fourteenth Amendments. Accordingly, the court does not find those amendments provide an adequate jurisdictional basis. See Labram, 43 F.3d at 920.

Because Plaintiffs have not satisfied their obligation to affirmatively demonstrate subject matter jurisdiction, the court issues an order to show cause why this action should not be dismissed. If Plaintiffs do not, by **November 2, 2016**, file a written response that demonstrates the basis for this court's subject matter jurisdiction in a manner consistent with the discussion above, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). No hearing will be held on the Order to Show Cause unless ordered by the court. In addition, Plaintiffs are advised that the court will not take action on the application for a temporary restraining order until it is satisfied that jurisdiction exists.

**IT IS SO ORDERED.**

Dated: October 28, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06216-EJD
ORDER TO SHOW CAUSE